1    MELINDA HAAG (CABN 132612)
     United States Attorney
2
     MIRANDA KANE (CABN 150630)
3    Chief, Criminal Division

4    GARTH HIRE (CABN 187330)
     JAMES C. MANN (CABN 221603)
5    Assistant United States Attorneys

6        1301 Clay Street, Suite 340S
         Oakland, CA 94612
7        Telephone: (510) 637-3680
         Fax: (510) 637-3724
8        E-Mail:    Garth.Hire@usdoj.gov
                    James.C.Mann@usdoj.gov
9

10   Attorneys for Plaintiff

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                           OAKLAND DIVISION

14

15   UNITED STATES OF AMERICA,          )    No. CR-11-00291 SBA
                                         )
16          Plaintiff,                   )     ORDER DETAINING DEFENDANT
                                         )    JAMES CALMA ESVER PENDING
17      v.                               )    TRIAL
                                         )
18   JAMES CALMA ESVER,                  )    Date:     May 12, 2011
                                         )    Time:     10:00 a.m.
19          Defendant.                   )    Court:    Hon. Saundra Brown
                                         )              Armstrong
20   _____)

21

22          Defendant James Calma Esver is charged in an indictment with conspiracy to possess

23   with the intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846,

24   841(a)(1), and 841(b)(1)(A)(viii), and possession with intent to distribute and distribution of

25   methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(viii).  The United

26   States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention

27   hearing before the magistrate, as permitted by 18 U.S.C. § 3142(f).  Given the nature of the

28   [PROPOSED] DETENTION ORDER
     No. CR-11-00291 SBA                         1

crime charged, there is a rebuttable presumption in this case that no conditions or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community.  See 18 U.S.C. § 3142(e)(3)(A).  Following a detention hearing, on April 28, 2011, the magistrate ordered that defendant be released upon the signing of an unsecured bond in the amount of $50,000 as to defendant and $25,000 as to a co-signer.  Additionally, defendant was ordered released to his girlfriend's home with a curfew and an electronic monitoring condition.  The United States appealed the magistrate's release order.

On May 12, 2011, following a hearing before this Court, and considering the parties' briefs and additional proffers at the hearing, the Pretrial Services report, and the factors set forth in 18 U.S.C. § 3142(g) (namely, (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by defendant's release), the Court ordered defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community.  See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, the Court noted, among other factors, the following: (1) the seriousness of the allegations contained in the indictment, including the presumption pursuant to 18 U.S.C. § 3142(e)(3)(A) referenced above; (2) the danger drug trafficking poses to the community; (3) defendant's lack of employment for the past three years; (4) defendant's estrangement from his family, which might otherwise tend to indicate a connection to the community; (5) defendant's previous failure to appear in a misdemeanor case; (6) that neither defendant nor his proposed co-signer had sufficient assets or income to satisfy the bond if defendant violated the conditions of his release; and (7) that defendant's girlfriend had not been interviewed by Pretrial Services, and had not appeared in Court, thus there was no confirmation that defendant would be permitted to reside with her or that her residence had the telephone necessary for electronic monitoring.

////

**<u>ORDER</u>**

Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  <u>See</u> 18 U.S.C. § 3142(i)(2).  Defendant must be afforded a reasonable opportunity to consult privately with counsel.  <u>See</u> 18 U.S.C. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance.  <u>See</u> 18 U.S.C. § 3142(i)(4).

If defendant's circumstances change, defendant may seek a further detention hearing before the magistrate.

IT IS SO ORDERED.

DATED: May 24, 2011

_____
HON. SAUNDRA BROWN ARMSTRONG
United States District Court Judge

[PROPOSED] DETENTION ORDER
No. CR-11-00291 SBA                    3